IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD OHENDALSKI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-06-MC-084 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Richard S. Ohendalski petitioned to quash certain Internal Revenue Code third-party recordkeeper summonses issued to the Bank of America, American Bank, East Texas National Bank, Guaranty Bank, and First National Bank of Huntsville. The IRS moved to dismiss for lack of proper service or for summary judgment.

The IRS has submitted information that Ohendalski is an accountant who prepares returns and represents clients in matters before the IRS; that he filed no income tax returns for the years 2002 and 2003; he failed to cooperate with the IRS's examinations; and the company for whom he allegedly worked, the Legacy Group, has no taxpayer identification number and no record of paying compensation to Ohendalski. The IRS asserts that it is seeking the summonsed information to show whether and to what extent Ohendalski received taxable income during the years at issue.

Section 7602(a) of the Internal Revenue Code authorizes the IRS to "examine any books, papers, records or other data" that will assist it in "ascertaining the correctness of any return, . . . determining the liability of any person for any internal revenue tax, or . . . collecting any such liability." *Id.*  In *United States v. Powell*, 379 U.S. 48 (1964), the Supreme Court set out four elements that must be satisfied before a summons can be enforced: (1) the IRS investigation must be "conducted pursuant to a legitimate purpose"; (2) "the inquiry [must] be relevant to the purpose"; (3) "the information sought [must] not already [be] within the [IRS's] possession"; and (4) the "administrative steps required by the Code [must] have been followed." *Id.* at 57-58; *see also United States v. Barrett*, 837 F.2d 1341, 1344 (5th Cir. 1988) (en banc).

The IRS bears the initial burden of showing that these four requirements have been satisfied.  *See Barrett*, 837 F.2d at 1345.  It can make its *prima facie* case under *Powell* by presenting the affidavit of the agent who issued the summons and is seeking enforcement. *See United States v. Davis*, 636 F.2d 1028, 1034 (5th Cir. 1981); *2121 Arlington Heights Corp. v. IRS*, 109 F.3d 1221, 1224 (7th Cir. 1997); *United States v. Rockwell Int'l*, 897 F.2d 1255, 1262 (3rd Cir. 1990).  In this case, the government has met its initial burden by presenting the affidavit of Revenue Agent Jenkins. (Docket Entry No. 1, Ex. 2).  The burden now shifts to the party resisting the summons.

A court may quash a summons if the resisting party disproves any of the four *Powell* elements or successfully challenges the summons on "any appropriate ground." *Powell*, 379 U.S. at 58.  Such grounds include the violation of a substantial countervailing policy, *see*

2

*United States v. Euge*, 444 U.S. 707, 711 (1980); an excessive burden placed on a taxpayer, *see United States v. Humble Oil & Ref. Co.*, 488 F.2d 953, 959-60 (5th Cir. 1974), *vacated on other grounds*, 421 U.S. 943 (1975); and overbreadth of the summons. *See United States v. Wyatt*, 637 F.2d 293, 302 (5th Cir. 1981). A summons may not be enforced when it represents an abuse of the court's process, such as when it is issued solely to harass a party, to pierce legal privileges, to pressure settlement of collateral disputes, or for any other "bad faith" purpose. *See Powell*, 379 U.S. at 58; *Wyatt*, 637 F.2d at 301. To succeed on an abuse of process claim, a taxpayer must show bad faith by the IRS as an institution, not just an individual agent. *See United States v. Lasalle Nat'l Bank*, 437 U.S. 298, 316 (1978); *2121 Arlington Heights Corp.*, 109 F.3d at 1226. An agent's actions, however, can evidence the IRS's institutional posture. *See 2121 Arlington Heights*, 109 F.3d at 1226.

"The power of the IRS to investigate the records and affairs of taxpayers has long been characterized as an inquisitorial power, analogous to that of a grand jury, and one which should be liberally construed." *United States v. Matras*, 487 F.2d 1271, 1274 (8th Cir. 1973). The IRS need not establish "probable cause" to enforce a summons. *See Powell*, 379 U.S. at 57. The established test for relevance is "whether the summons seeks information which 'might throw light upon the correctness of the taxpayer's return.'" *Wyatt*, 637 F.2d at 300; *see also United States v. Arthur Young & Co.*, 465 U.S. 805, 814 n.11 (1984); *David H. Tedder & Assocs.*, 77 F.3d at 1168. To satisfy the relevance prong of *Powell*, the IRS need only show that the material requested is of potential, not actual, relevance. *See Arthur Young & Co.*, 465 U.S. at 814; I.R.C. § 7602(a). Potential rather than actual relevance is required

because "the Service can hardly be expected to know whether such data will in fact be relevant until it is procured and scrutinized." *Arthur Young & Co.*, 465 U.S. at 814.

Ohdenalski has failed to rebut the government's *prima facie* case or to show that enforcement would be abusive. The record does not support the argument that the IRS issued the summons in retaliation for his representation of another taxpayer or for another purpose that was not legitimate. Nor has Ohdenalski shown that the bank summonses were overbroad in seeking records pertaining to the Legacy Group, which he identified as his employer. Ohdenalski's other challenges similarly fail. His petition to quash the summonses is denied. The government's motion for summary judgment is granted.

SIGNED on August 28, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge